# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MARY SUTTON, | No. 19-1887V |
| Petitioner, | Special Master Christian J. Moran |
| v. | Filed: November 1, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * *

<u>Nancy Meyers</u>, Turning Point Litigation, Greensboro, NC, for Petitioner;
<u>Alexis B. Babcock</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner's motion for final attorneys' fees and costs. She is awarded $80,531.40.

\* \* \*

On September 6, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Mary Sutton on December 12, 2019. Petitioner

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

alleged that the influenza vaccine she received on November 29, 2017, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from an allergic reaction and rash. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Following respondent contesting the petition in his report, the parties retained medical experts, with petitioner retaining Dr. David Axelrod and Dr. Kyle Amber and respondent retaining Dr. Thomas Forsthuber and Dr. Evelyn Lilly. On September 6, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on September 9, 2022. 2023 WL 3124450.

On February 8, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests a total award of $90,441.40. This amount consists of $84,158.10 in fees and costs incurred by Turning Point Litigation and $6,283.30 in fees and costs incurred by counsel's prior firm, Ward Black Law. Id. at 1.[2] In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. Fees App. Ex. 4.

On February 10, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed her reply that same day requesting that "Special Master Moran exercise discretion and determine a reasonable award for attorney's fees and costs in this case."

\* \* \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed.

---

[2] Petitioner requests the total amount awarded be made payable to Turning Point Litigation who will make payment to Ward Black Law and petitioner. Fees App. at 2.

2

Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel, Ms. Nancy Meyers: $390.00 per hour for work performed in 2019, $400.00 per hour for work performed in 2020, $430.00 per hour for work performed in 2021, $460.00 per hour for work performed in 2022, and $490.00 per hour for work performed in 2023. These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Benvenuti v. Sec'y of Health & Human Servs., 19-1249V, 2023 WL 4105407 (Fed. Cl. Spec. Mstr. May 19, 2023).

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $42,921.50.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $48,109.90 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and postage costs. Petitioner has provided adequate documentation supporting the non-expert requested costs, which are reasonable in the undersigned's experience. Costs for the experts shall be addressed in turn.

i.  David Axelrod, M.D.

For the work of Dr. Axelrod, petitioner requests a total of $6,800.00, representing 17 hours billed at the rate of $400.00 per hour for work consisting of research. Fees App. Ex. 3 at 21. This rate has been previously awarded for work performed by Dr. Alxelrod and the undersigned finds the rate to be reasonable in this matter as well. See Druery v. Sec'y of Health & Human Servs., 17-1213V, 2020 WL 5743105 (Fed. Clms. Spec. Mstr. Aug. 17, 2020). Petitioner is awarded the amount of $6,800.00 for expenses incurred for Dr. Axelrod.[3]

ii.  Kyle Amber, M.D.

For the work of Dr. Amber, petitioner requests a total of $31,350.00 representing 52.50 hours billed at $600.00 per hour. Fees App. Ex. 3 at 27 - 28. This rate exceeds the rate of $400.00 per hour that has been previously awarded to Dr. Amber for his work in the Program. See Prado v. Sec'y of Health & Human Servs., 21-1087V, 2022 WL 2277118 (Fed. Clm. Spec. Mstr. May 23, 2022). This appears to be only the second case where Dr. Amber has been retained for his work

---

[3] Dr. Axelrod and parties who retain Dr. Axelrod are advised that Dr. Axelrod's invoice should contain more specificity as his invoice contains entries for "research" 5 hours. Dr. Axelrod was expected to divide his time into increments of approximately 30 minutes. Order, issued Jan. 19, 2021. This expectation is not unreasonable as demonstrated by Dr. Amber's invoice. In the future, time may be deducted from Dr. Axelrod's invoice due to vagueness.

as an expert and the rate of $600.00 exceeds that of experts with more experience as Program experts. In sum, after considering Dr. Amber's credentials, his experience, the work performed in the instant case and the quality of that work, and his experience in the Vaccine Program, I find it reasonable to compensate his at the previously awarded rate of $400.00. Application of this rate reduces Dr. Amber's fees by $10,500.00.[4]

Dr. Amber is also encouraged to describe his activities more clearly.  For example, on March 7, 2022, Dr. Amber has charged 0.5 hours for "53-11-13." This code probably means that Dr. Amber reviewed tabs 11-13 of the material appearing at CM/ECF 53, which is a report from Dr. Forsthuber.  A few extra words from Dr. Amber could illuminate what he is doing.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e).  The undersigned awards a total of **$80,531.40** (representing $74,248.10  in fees and costs incurred by Turning Point Litigation and $6,283.30 in fees and costs incurred by Ward Black Law) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review, the Clerk shall enter judgment in accordance with this decision. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] $600.00 - $400.00 = $200.00 x 52.50 hrs = $10,500.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.